IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HAROLD TOLIVER, an individual; JAMES MCCRINK, an individual; MATT CLARK, an individual; LARRY KOLKO, an individual; RAMONA ROBERSON, an individual; JANICE FAYHEE, an individual; and JACQUELINE BEIRNES, an individual,<br><br>        Plaintiffs,<br><br>        v.<br><br>CHRISTINA SCHOOL DISTRICT,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. 06-796-***<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT**

Defendant Christina School District (the "District") by and through its undersigned attorneys, answers plaintiffs' (the "Plaintiffs") First Amended Complaint as follows:

The Plaintiffs' introductory paragraph provides a summary of their case and a demand for damages to which no responsive pleading is required. To the extent a responsive pleading is required, denied.

    1.    The District is without information sufficient to admit or deny the allegations in paragraph 1.

    2.    The District is without information sufficient to admit or deny the allegations in paragraph 2.

    3.    The District is without information sufficient to admit or deny the allegations in paragraph 3.

4. The District is without information sufficient to admit or deny the allegations in paragraph 4.

5. The District is without information sufficient to admit or deny the allegations in paragraph 5.

6. The District is without information sufficient to admit or deny the allegations in paragraph 6.

7. The District is without information sufficient to admit or deny the allegations in paragraph 7.

8. The allegations set forth in paragraph 8 are definitional, to which no responsive pleading is required.

9. Denied. The allegations in paragraph 9 make reference to representations set forth in the Master Lease Purchase Agreement, dated September 12, 2003, between Christina School District as Lessee, and Ed Beck & Associates, Inc., as Lessor, which is attached to the complaint as Exhibit 1 (the "Agreement"). The Agreement speaks for itself. In the alternative, to the extent the allegations in paragraph 9 refer to the September 30, 2003 letter from David N. Sundstrom to Ed Beck & Associates, Inc., such letter speaks for itself.

10. The allegations in paragraph 10 set forth a conclusion of law to which no responsive pleading is required.

11. Admitted.

12. Admitted.

13. Denied. The District was looking for a research-based instruction tool to support students struggling with reading. The District was not specifically looking for software or computers.

1539763/1

14. Denied; except admitted the District entered into the Agreement and the Agreement speaks for itself.

15. Denied; except admitted the District entered into the Agreement, the Agreement speaks for itself, and admitted the District received software from Scientific Learning Corporation.

16. Denied; except admitted that the Agreement speaks for itself.

17. The allegations in paragraph 17 set forth a conclusion of law to which no responsive pleading is required. To the extent a response is required, denied; except admitted that the Agreement speak for itself.

18. Denied; except admitted that the Agreement speak for itself.

19. Admitted.

20. Denied.

21. Denied; except admitted the District performed as required under the Agreement. The District is without sufficient information to admit or deny the allegation that certain District representatives expressed the view that success was achieved with the software and repeatedly affirmed that the software was essential to the performance of its obligations to its students.

22. Denied; except admitted that District and Ed Beck & Associates, Inc. agreed to an Equipment Schedule attached to the Agreement dated September 12, 2003, which speaks for itself.

23. Denied; except admitted that the Equipment Schedule dated September 12, 2003 speaks for itself.

24. The District is without information sufficient to admit or deny the allegations contained in paragraph 24. To the extent an answer is required, denied.

25. Denied; except admitted that in 2006 there was a change in the administration leadership of the District.

26. Denied; except admitted a financial review was conducted in the Spring of 2006, and it was determined the District had a substantial deficit, which rendered the District unable to continue making payments under the Agreement.

27. Denied; except admitted the District did not pay $537,691 on July 15, 2006.

28. The allegations contained in paragraph 28 set forth a legal conclusion to which no responsive pleading is required. To the extent that a response is required, denied.

29. The allegations contained in paragraph 29 set forth a legal conclusion to which no responsive pleading is required. To the extent that a response is required, denied.

30. Denied; except admitted that, for the reasons set forth in the Third Additional Defense, the District did not provide notice 90 days prior to the end of the 2005/2006 school year that it was going to terminate the Agreement.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

31. The District incorporates responses to paragraphs 1 through 30 as if set forth fully herein.

32. Admitted.

33. The allegations in paragraph 33 of the complaint set forth a legal conclusion to which no responsive pleading is required. To the extent a response is required, the District is without sufficient information to admit or deny the allegations of paragraph 33.

1539763/1

34. Denied; except admitted the Agreement speaks for itself.

35. Denied; except admitted the Agreement speaks for itself

36. The allegations in paragraph 36 of the complaint set forth a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, denied.

37. Denied; except admitted the Agreement speaks for itself.

38. Denied; except admitted the District did not have the funds to pay $537,691 on July 15, 2006, and did not make such a payment.

39. The allegations in paragraph 39 of the complaint set forth a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, denied.

40. The allegations in paragraph 40 of the complaint set forth a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, denied.

41. The allegations in paragraph 41 of the complaint set forth a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, denied. By way of further answer, while Title I funds were used to pay portions of the payments the District made under the Agreement, in 2004 and 2005, the amount of Title I funds available to make such payments was insufficient to cover the total amounts due under the Agreement. The level of Title I funding declined in 2006.

42. The allegations in paragraph 42 of the complaint set forth a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, denied.

1539763/1

43. The allegations in paragraph 43 of the complaint set forth a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, denied.

44. Denied; except admitted the Agreement speaks for itself.

## SECOND CLAIM FOR RELIEF

### (Breach Of The Implied Covenant Of Good Faith And Fair Dealing)

45. The District incorporates the responses to paragraphs 1 through 44 as if set forth fully herein.

46. Denied; except admitted the Agreement speaks for itself.

47. The allegations in paragraph 47 of the complaint set forth a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, denied.

48. Denied; except admitted the Agreement speaks for itself.

49. Denied; except admitted the Agreement speaks for itself.

50. The allegations in paragraph 50 of the complaint set forth a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, denied.

51. Denied; except admitted the Agreement speaks for itself.

52. Denied; except admitted the District did not make a payment of $537,691 on July 15, 2006.

53. The allegations in paragraph 53 of the complaint set forth a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, denied.

1539763/1

54. Denied.

55. The allegations in paragraph 55 of the complaint set forth a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, denied.

56. The allegations in paragraph 56 of the complaint set forth a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, denied.

57. The allegations in paragraph 57 of the complaint set forth a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, denied.

## FIRST ADDITIONAL DEFENSE

Plaintiffs and/or Plaintiffs' predecessors failed to take all reasonable steps to mitigate their damages.

## SECOND ADDITIONAL DEFENSE

The District prepaid for certain support and services to be provided under the Agreement, and such support and services have not, and will not, be provided to the District.

## THIRD ADDITIONAL DEFENSE

The District provided Plaintiffs' predecessor, Salem Capital Group, notice of intent to terminate the Agreement as soon as practicable after the District's financial position was sufficiently clear to enable the District to determine notice of its intent to terminate was necessary (i.e. August 17, 2006).

1539763/1

## FOURTH ADDITIONAL DEFENSE

To the extent Plaintiffs paid less than $537,691 for the assignment of the Agreement, an award of $537,691 would be a windfall to Plaintiffs.

## V. PRAYER FOR RELIEF

WHEREFORE, the District respectfully prays that the Court enter judgment in its favor on all counts, dismiss this action, award costs and attorneys' fees incurred in defending this action, and bring any other relief the Court deems just and appropriate.

MORRIS JAMES LLP

_____
David H. Williams (#616)
dwilliams@morrisjames.com
James H. McMackin, III (#4284)
jmcmackin@morrisjames.com
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899
(302) 888-6900/5849
Attorneys for the Defendant

Dated: March 15, 2007

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HAROLD TOLIVER, an individual; JAMES MCCRINK, an individual; MATT CLARK, an individual; LARRY KOLKO, an individual; RAMONA ROBERSON, an individual; JANICE FAYHEE, an individual; and JACQUELINE BEIRNES, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> CHRISTINA SCHOOL DISTRICT, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 06-796-*** ) ) ) ) ) |

**CERTIFICATE OF ELECTRONIC FILING**

I, James H. McMackin, III, hereby certify that on March 15, 2007, I electronically filed the attached **DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT** with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

       Patricia Smink Rogowski
       Connolly Bove Lodge & Hutz LLP
       1007 N. Orange Street
       P.O. Box 2207
       Wilmington, DE 19899

       David H. Williams (#616)
       dwilliams@morrisjames.com
       James H. McMackin, III (#4284)
       jmcmackin@morrisjames.com
       MORRIS JAMES LLP
       500 Delaware Avenue, Suite 1500
       P.O. Box 2306
       Wilmington, DE 19899
Dated: March 15, 2007       (302) 888-6900/5849

JYM/000907-1258/1541110/1