IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HAROLD TOLIVER, an individual; JAMES MCCRINK, an individual; MATT CLARK, an individual; LARRY KOLKO, an individual; RAMONA ROBERSON, an individual; JANICE FAYHEE, an individual; and JACQUELINE BEIRNES, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> CHRISTINA SCHOOL DISTRICT, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 06-796-*** ) ) ) ) ) ) |
| CHRISTINA SCHOOL DISTRICT, <br><br> Third-Party Plaintiff, <br><br> v. <br><br> SCIENTIFIC LEARNING CORPORATION, <br><br> Third-Party Defendant. | ) ) ) ) ) ) ) ) ) ) ) |

**DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT**

Defendant Christina School District (the "District") by and through its undersigned attorneys, answers plaintiffs' (the "Plaintiffs") Second Amended Complaint as follows:

The Plaintiffs' introductory paragraph provides a summary of their case and a demand for damages to which no responsive pleading is required. To the extent a responsive pleading is required, denied.

1631144/1

1. The District is without information sufficient to admit or deny the allegations in paragraph 1.

2. The District is without information sufficient to admit or deny the allegations in paragraph 2.

3. The District is without information sufficient to admit or deny the allegations in paragraph 3.

4. The District is without information sufficient to admit or deny the allegations in paragraph 4.

5. The District is without information sufficient to admit or deny the allegations in paragraph 5.

6. The District is without information sufficient to admit or deny the allegations in paragraph 6.

7. The District is without information sufficient to admit or deny the allegations in paragraph 7.

8. The allegations set forth in paragraph 8 are definitional, to which no responsive pleading is required.

9. The District is without information sufficient to admit or deny the allegations in paragraph 9.

10. The District is without information sufficient to admit or deny the allegations in paragraph 10.

11. The District is without information sufficient to admit or deny the allegations in paragraph 11.

1631144/1

12. Denied. The allegations in paragraph 12 make reference to representations set forth in the Master Lease Purchase Agreement, dated September 12, 2003, between Christina School District as Lessee, and Ed Beck & Associates, Inc., as Lessor, which is attached to the complaint as Exhibit 1 (the "Agreement"). The Agreement speaks for itself. In the alternative, to the extent the allegations in paragraph 12 refer to the September 30, 2003 letter from David N. Sundstrom to Ed Beck & Associates, Inc., such letter speaks for itself.

13. The allegations in paragraph 13 set forth a conclusion of law to which no responsive pleading is required.

14. The allegations in paragraph 14 set forth a conclusion of law to which no responsive pleading is required; except admitted the District is a resident of Delaware.

15. Admitted.

16. Denied. The District was looking for a research-based instruction tool to support students struggling with reading. The District was not specifically looking for software or computers.

17. Denied; except admitted the District entered into the Agreement and the Agreement speaks for itself.

18. Denied; except admitted the District entered into the Agreement, the Agreement speaks for itself, and admitted the District received software from Scientific Learning Corporation.

19. Denied; except admitted that the Agreement speaks for itself.

20. The allegations in paragraph 20 set forth a conclusion of law to which no responsive pleading is required. To the extent a response is required, denied; except admitted that the Agreement speak for itself.

21. Denied; except admitted that the Agreement speak for itself.

22. Admitted.

23. Denied.

24. Denied; except admitted the District performed as required under the Agreement. The District is without sufficient information to admit or deny the allegation that certain District representatives expressed the view that success was achieved with the software and repeatedly affirmed that the software was essential to the performance of its obligations to its students.

25. Denied; except admitted that District and Ed Beck & Associates, Inc. agreed to an Equipment Schedule attached to the Agreement dated September 12, 2003, which speaks for itself.

26. Denied; except admitted that the Equipment Schedule dated September 12, 2003 speaks for itself.

27. The District is without information sufficient to admit or deny the allegations contained in paragraph 27. To the extent an answer is required, denied.

28. Denied; except admitted that in 2006 there was a change in the administrative leadership of the District.

29. Denied; except admitted a financial review was conducted in the spring of 2006, and it was determined the District had a substantial deficit, which rendered the District unable to continue making payments under the Agreement.

30. Denied; except admitted the District did not pay $537,691 on July 15, 2006.

31. The allegations contained in paragraph 31 set forth a legal conclusion to which no responsive pleading is required. To the extent that a response is required, denied.

32. The allegations contained in paragraph 32 set forth a legal conclusion to which no responsive pleading is required. To the extent that a response is required, denied.

33. Denied; except admitted that, for the reasons set forth in the Third Additional Defense, the District did not provide notice 90 days prior to the end of the 2005/2006 school year that it was going to terminate the Agreement.

34. Denied; except admitted the Agreement speaks for itself.

35. Denied; except admitted that on June 23, 2005, Thresa Giles signed an "Essential Use/Source of Funds Letter," which speaks for itself.

36. Denied. By way of further response, the District is unable locate any relevant documents executed by Defendant Wise on September 12, 2003 other than the Agreement, which speaks for itself.

37. Denied. By way of further response, the District is unable locate any relevant documents executed by Defendant Sundstrom on June 24, 2004 other than a letter to Ed Beck and Associates, Inc., which speaks for itself.

38. Denied, except admitted that on June 23, 2005, Thresa Giles signed an "Essential Use/Source of Funds Letter," which speaks for itself.

39. The allegations in paragraph 39 set forth a legal conclusion to which no responsive pleading is required.

40. Denied; except the District lacks sufficient information to admit or deny the knowledge or belief of other defendants.

41. Denied; except the District lacks sufficient information to admit or deny the intent of other defendants.

42. The allegations in paragraph 42 set forth a legal conclusion to which no responsive pleading is required.

43. The allegations in paragraph 43 set forth a legal conclusion to which no responsive pleading is required. To the extent a response is required, denied.

44. Denied; except admitted the District entered into the Agreement and the Agreement speaks for itself.

45. Denied; except admitted the Agreement speaks for itself. By way of further answer, the District lacks sufficient information to admit or deny whether the Investors are assignees of the party that provided funding.

46. On information and belief, admitted.

47. Admitted.

**FIRST CLAIM FOR RELIEF**

48. The District incorporates responses to paragraphs 1 through 47 as if set forth fully herein.

49. Admitted.

50. The District is without information sufficient to admit or deny the allegations contained in paragraph 50. To the extent an answer is required, denied.

51. Denied; except admitted the Agreement speaks for itself.

52. Denied; except admitted the Agreement speaks for itself

1631144/1

53. The allegations in paragraph 53 of the complaint set forth a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, denied.

54. Denied; except admitted the Agreement speaks for itself.

55. Denied; except admitted the District did not have the funds to pay $537,691 on July 15, 2006, and did not make such a payment.

56. The allegations in paragraph 56 of the complaint set forth a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, denied.

57. The allegations in paragraph 57 of the complaint set forth a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, denied.

58. The allegations in paragraph 58 of the complaint set forth a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, denied; except admitted the District did not have the funds to pay $537,691 on July 15, 2007, and did not make such a payment. By way of further response, the Agreement was terminated prior to July 15, 2007.

59. The allegations in paragraph 59 of the complaint set forth a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, denied.

60. The allegations in paragraph 60 of the complaint set forth a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, denied.

61. The allegations in paragraph 61 of the complaint set forth a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, denied. By way of further answer, while Title I funds were used to pay portions of the payments the District made under the Agreement, in 2004 and 2005, the amount of Title I funds available to make such payments was insufficient to cover the total amounts due under the Agreement. The level of Title I funding declined in 2006.

62. The allegations in paragraph 62 of the complaint set forth a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, denied.

63. The allegations in paragraph 63 of the complaint set forth a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, denied.

64. Denied; except admitted the Agreement speaks for itself.

### SECOND CLAIM FOR RELIEF

65. The District incorporates the responses to paragraphs 1 through 64 as if set forth fully herein.

66. Denied; except admitted the Agreement speaks for itself.

67. The allegations in paragraph 67 of the complaint set forth a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, denied.

68. Denied; except admitted the Agreement speaks for itself.

69. Denied; except admitted the Agreement speaks for itself.

70. The allegations in paragraph 70 of the complaint set forth a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, denied.

71. Denied; except admitted the Agreement speaks for itself.

72. Denied; except admitted the District did not make a payment of $537,691 on July 15, 2006.

73. The allegations in paragraph 73 of the complaint set forth a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, denied.

74. Denied.

75. The allegations in paragraph 75 of the complaint set forth a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, denied.

76. The allegations in paragraph 76 of the complaint set forth a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, denied.

77. The allegations in paragraph 77 of the complaint set forth a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, denied.

1631144/1

## THIRD CLAIM FOR RELIEF

78. The District incorporates the responses to paragraphs 1 through 77 as if set forth fully herein.

79. The District is without information sufficient to admit or deny the allegations contained in paragraph 79. To the extent an answer is required, denied.

80. Denied; except the District is without sufficient information to admit or deny the Investors' expectation.

81. Denied; except admitted the District seeks to recover payments made to Scientific Learning, and, if the District recovers such payments, the District anticipates the disposition of such funds will be determined by the Court.

82. The allegations in paragraph 82 of the complaint set forth a legal conclusion to which no responsive pleading is required.

83. The allegations in paragraph 83 of the complaint set forth a legal conclusion to which no responsive pleading is required.

## FOURTH CLAIM FOR RELIEF

84. The District incorporates the responses to paragraphs 1 through 83 as if set forth fully herein.

85. Denied; except admitted the Agreement speaks for itself.

86. The District is without information sufficient to admit or deny the allegations contained in paragraph 86. To the extent an answer is required, denied.

87. The allegations in paragraph 87 of the complaint set forth a legal conclusion to which no responsive pleading is required. To the extent a response is required, denied.

88. The allegations in paragraph 88 of the complaint set forth a legal conclusion to which no responsive pleading is required. To the extent a response is required, denied.

89. Denied; except the District lacks sufficient information to admit or deny the knowledge or belief held by other defendants.

90. Denied; except the District lacks sufficient information to admit or deny the intent of the other defendants.

91. The allegations in paragraph 91 of the complaint set forth a legal conclusion to which no responsive pleading is required. To the extent a response is required, denied.

92. The allegations in paragraph 92 set forth a legal conclusion to which no responsive pleading is required. To the extent a response is required, denied.

## FIRST ADDITIONAL DEFENSE

Plaintiffs and/or Plaintiffs' predecessors failed to take all reasonable steps to mitigate their damages.

## SECOND ADDITIONAL DEFENSE

The District prepaid for certain support and services to be provided under the Agreement, and such support and services have not, and will not, be provided to the District.

## THIRD ADDITIONAL DEFENSE

The District provided Plaintiffs' predecessor, Salem Capital Group, notice of intent to terminate the Agreement as soon as practicable after the District's financial position was sufficiently clear to enable the District to determine notice of its intent to terminate was necessary (i.e. August 17, 2006).

1631144/1

## FOURTH ADDITIONAL DEFENSE

To the extent Plaintiffs paid less than $537,691 for the assignment of the Agreement, an award of $537,691 would be a windfall to Plaintiffs.

## FIFTH ADDITIONAL DEFENSE

The District provided notice of intent to terminate the Agreement at least 90 days prior to the end of the District's 2006-2007 fiscal year.

## SIXTH ADDITIONAL DEFENSE

The District did not engage in gross, oppressive or aggravated conduct sufficient to award punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, the District respectfully prays that the Court enter judgment in its favor on all counts, dismiss this action, award costs and attorneys' fees incurred in defending this action, and bring any other relief the Court deems just and appropriate.

MORRIS JAMES LLP

_____
David H. Williams (#616)
dwilliams@morrisjames.com
James H. McMackin, III (#4284)
jmcmackin@morrisjames.com
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899
(302) 888-6900/5849
Attorneys for Defendant and Third-Party Plaintiff
 Christina School District

Dated: November 15, 2007