IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

HAROLD TOLLIVER, an individual;
JAMES MCCRINK, an individual;
FEDERATED BANK, an Illinois bank;
LARRY KOLKO, an individual;
RAMONA ROBERTSON, an individual;
JANCIE FAYHEE, an individual; and
JACQUELINE BEIRNES, an individual;

        Plaintiffs

Civil Action No. 06-796-***

v.

CHRISTINA SCHOOL DISTRICT:
THRESA GILES, an individual;
DAVID SUNDSTROM, an individual; and
JOSEPH WISE, an individual,

        Defendants

SCIENTIFIC LEARNING CORPORATION,

        Third-Party Defendant

---

**MOTION TO DISMISS COMPLAINT AGAINST NON-RESIDENT INDIVIDUAL FORMER CHRISTINA SCHOOL DISTRICT EMPLOYEE THRESA GILES UNDER:**

- **FEDERAL RULE OF CIVIL PROCEDURE 12(B)(2): LACK OF PERSONAL JURISDICTION. ALTERNATIVELY;**
- **FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6): FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**
- **FEDERAL RULE OF CIVIL PROCEDURE 9(B): FAILURE TO PLEAD WITH SUFFICIENT PARTICULARITY CLAIM OF INTENTIONAL FRAUD (TO ESTABLISH "MINIMUM CONTACTS" AND TO ESTABLISH A TORT CLAIM)**

**Alternatively;**

**MOTION FOR SUMMARY JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 56.**

**Additionally:**

**MOTION FOR SANCTIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 11.**

Defendant Thresa Giles brings this Motion pro se in response to the Plaintiff's Complaint and states:

1. She is an individual residing in the State of Florida.

2. She is a full-time employee of a school district in Florida.

3. She is not a resident of Delaware (despite the representation made in Paragraph 14 of Plaintiffs' Second Amended Complaint).

4. She derives no income from Delaware, transacts no personal business in Delaware, and owns no property in Delaware.

5. She was an employee of Defendant Christina School District (a governmental agency situated in Delaware) from Spring 2000 to Spring 2006.

## (A) DISMISSAL FOR LACK OF IN PERSONAM JURISDICTION UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(2)

6. The Plaintiffs' Complaint cites two false bases for in personam jurisdiction over Thresa Giles, an individual and former Defendant School District employee:

   a) That she resides in Delaware (Paragraph 14; wholly inconsistent with Paragraph 9 of Plaintiffs' 2nd Amended Complaint);

 b) That on June 23, 2005 she personally and individually engaged in fraud—apparently by completing, on behalf of her School District employer—two line items on Plaintiffs' contract with her employer that state:

  i. "Our source of funds for payments of rents due under the Lease for the ***current fiscal year*** is: Federal Funds--N.C.L.B. [DATED **JUNE 23, 2005**; *Emphasis added; See Paragraph 38 of 2nd Amended Complaint and Exhibit B attached to that pleading (fifth paragraph from top plus date at signature lines)*]."

  ii. "We *expect and anticipate* adequate funds to be available for all future Lease Payments due after the current fiscal years for the following reasons: Continuation of federal funding [DATED JUNE 23, 2005; *Emphasis added; See Paragraph 87 of 2nd Amended Complaint and Exhibit B attached to that pleading(sixth paragraph from top)*]."

7. Plaintiffs proffer no fact that would give rise to a fraud claim, and fail to disclose to this Honorable Court material facts in their possession that are publicly available:

 a) Plaintiffs fail to disclose that the Defendant School District's Fiscal Year begins July 1 of one calendar year and ends June 30 of the following calendar year (to wit: Defendant School District's 2005 Fiscal Year began July 1, 2004 and ended June 30, 2005; Defendant

School District's 2006 Fiscal Year began July 1, 2005 and ended June 30, 2006).

b) **<u>Plaintiffs fail to disclose to the Court that Plaintiffs received full payment from federal funds under their contract with the School District for software and services rendered in Fiscal Year 2005, contradicting their pleading at Paragraphs 34-43.</u>**

c) **<u>Plaintiffs fail to disclose to the Court receiving full payment from federal funds under their contract for software and services rendered in Fiscal Year 2006, contradicting their pleading at Paragraphs 34-43.</u>**

d) Plaintiffs fail to disclose to the Court that Defendant Thresa Giles was not an employee of the Defendant School District on the date Plaintiffs plead that Defendant School District intentionally *elected* to breach the agreement between Plaintiffs and the School District (Plaintiffs specifically plead "Defendant Christina School District *elected to breach the agreement* by not making the required payment on July 15, 2006." (*emphasis added*, Plaintiffs' 2nd Amended Complaint: "I. Introduction.")

8. Further, Plaintiff falsely and with knowledge of the falsity claim that words attributable to Thresa Giles at a time she was an employee of the Defendant School District:

    a) Induced one group of sophisticated investors (Ed Beck & Associates) to enter an agreement with the School District[1];

    b) Induced a second group of sophisticated investors (Salem Capital Group) to purchase the first group of sophisticated investors' interest in the agreement with the School District[2], and ultimately;

    c) Induced a *third* group of sophisticated investors (Plaintiffs) to purchase from the second group of sophisticated investors the first group of sophisticated investors' original interest in the agreement with the School District[3].

9. Plaintiffs do not allege School District employee Thresa Giles held herself out—to them or to anyone—as an expert on investment or financial forecasting.

10. A claim of "fraud" requires a false statement; Plaintiffs fail to identify a false statement attributable to Thresa Giles.

11. A claim of "fraud" requires reliance upon a representation; Plaintiffs, sophisticated investors, identify no fact evidencing they relied on *any* representation of Thresa Giles, a School District employee.

12. A claim of "fraud" requires that reliance on a specified representation be *reasonable*; Plaintiffs fail to identify any fact establishing:

    a) That they relied on *any* statement of Thresa Giles;

    b) That sophisticated investors purchasing a vendor's interest in a contract with a school district—an interest that they valued at over $1 million—

---

[1] Paragraph 27 of 2nd Amended Complaint
[2] Paragraph 27 of 2nd Amended Complaint
[3] Paragraph 27 of 2nd Amended Complaint

*reasonably* relied upon a representation of Thresa Giles or any school district employee

13. Absent a claim of "fraud" against individual out-of-state residents including Thresa Giles, Plaintiffs had been unable to create nexus between those individuals and the State of Delaware;

14. In an effort at artful drafting, Plaintiffs have attempted, through repeated amendment of their original Complaint, to convert a simple breach of contract claim against a Delaware School District into a "fraud" claim against three former School District employees who for almost two years have been residing in and working in Florida.

15. As set forth in Paragraphs 1 through 5 of this Motion, the individual former School District employee Thresa Giles has no minimum contacts with the State of Delaware.

16. Plaintiffs do not deny that any document upon which Plaintiffs rely in this action that bears the signature of Thresa Giles:

   a) Specifically identifies her as the signatory representative authorized by the Christina School District to execute the document on behalf of the School District;

   b) Specifically identifies her title and representative status as an employee of and acting agent of the Christina School District;

   c) Specifically provides notice that she is not acting in her individual capacity.

17. The Due Process Clause of the 14th Amendment prohibits the Plaintiffs from manipulating their pleadings to compel out-of-state residents to defend against an artfully ambiguous breach of contract claim against their former employer couched as a "fraud" claim.

18. Plaintiffs' 2nd Amended Complaint offends traditional notions of fair play and substantial justice—particularly as that 2nd Amended Complaint is directed at Defendant Thresa Giles.

For the foregoing reasons, Defendant Thresa Giles respectfully requests that this Honorable Court dismiss, for lack of in personam jurisdiction over her, all claims against her, in accordance with Rule 12(b)(2); Defendant Thresa Giles additionally and respectfully requests that this Honorable Court impose against Plaintiffs actual costs and attorney fees she was compelled to incur to defend against their claim, and impose sanctions under Rule 11 as set forth below.

## (B)  DISMISSAL FOR FAILURE TO STATE A CLAIM UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6).

19. Plaintiff falsely and with knowledge of the falsity claim that words attributable to three *individual former School District employees* induced them and their predecessor-investors to enter an agreement with the School District.

20. More importantly, Plaintiffs assert that the words attributed to the three individual out-of-state former School District employees that induced all this mayhem are:

a) "On *September 12, 2003*, Defendant Wise, Superintendent of the School District, represented that the source of payments for amounts due under the Agreement *for the 2003 fiscal year* was Title I, No Child Left Behind Federal Funding [Paragraph 36 of 2nd Amended Complaint]."[4]

b) "On *June 24, 2004*, Defendant Sundstrom, Assistant Superintendent for the School District, represented that the source of payments for amounts due under the Agreement *for the 2004 fiscal year* was Title I, No Child Left Behind Federal Funding [Paragraph 37 of 2nd Amended Complaint]."[5]

c) "On *June 23, 2005*, Defendant Giles, Chief Financial Officer for the School District, represented that the source of payments for amounts due under the Agreement *for the 2005 fiscal year* was Title I, No Child Left Behind Federal Funding [Paragraph 38 of 2nd Amended Complaint]."[6]

---

[4] Emphasis added. This 2003 statement is for Fiscal Year 2003; There is no claim for damages arising from Fiscal Year 2003; Plaintiffs cannot deny the statement's accuracy, and its presence in Plaintiffs' 2nd Amended Complaint is inexplicable.

[5] Emphasis added. This 2004 statement is for Fiscal Year 2004; There is no claim for damages arising from Fiscal Year 2004; Plaintiffs cannot deny the statement's accuracy, and its presence in Plaintiffs' 2nd Amended Complaint is inexplicable.

[6] Emphasis added. This 2005 statement is for Fiscal Year 2005; There is no claim for damages arising from Fiscal Year 2005; Plaintiffs cannot deny the statement's accuracy, and its presence in Plaintiffs' 2nd Amended Complaint is inexplicable.

    d) "Our source of funds for payments of rents due under the Lease for the *current fiscal year* is: Federal Funds-- N.C.L.B. [DATED JUNE 23, 2005; *See Exhibit B of 2nd Amended Complaint*]"

    e) "We *expect and anticipate* adequate funds to be available . . . after the current fiscal year for the following reasons: Continuation of federal funding [DATED JUNE 23, 2005; *See Exhibit B of 2nd Amended Complaint*]."

21. Plaintiffs cannot deny the truthfulness of each statement, and produce no evidence to support their pleadings that contradict the truthfulness of Exhibit B of their 2nd Amended Complaint.

22. Plaintiffs (or their predecessor in interest) drafted the document, including the boilerplate phrase *"We expect and anticipate adequate funds to be available . . . after the current fiscal year for the following reasons . . . "*.

23. The statement *"We expect and anticipate"* does not constitute a warranty, guarantee, or promise.

24. The statement *"We expect and anticipate"* is the opinion or educated guess of a School District governmental agency, not its individual employees.

25. The statement *"We expect and anticipate"* is an estimation of a future event, based upon predictive factors that Plaintiffs concede can change.

26. Plaintiffs acknowledge their own awareness that former School District employees could not, and would not, guarantee future availability of funds: As

Plaintiffs themselves admit in their 2nd Amended Complaint, Paragraph 6 of Plaintiffs' *Master Lease Purchase Agreement* specifically provides:

> "*Notwithstanding anything contained in this Lease to the contrary, <u>in the event no funds or insufficient funds are appropriated and budgeted or are otherwise unavailable by any means whatsoever in any fiscal period for Lease Payments due under this Lease</u>, Lessee will immediately notify the Lessor or its assignee of such occurrence <u>and this Lease shall terminate on the last day of the fiscal period for which appropriations were received without penalty or expense to Lessee of any kind whatsoever</u>, except as to the portions of the Lease Payments herein agreed upon for which funds shall have been appropriated and budgeted or are otherwise available [emphasis added].*"

27. At the time Plaintiffs—assumed to be sophisticated investors—purchased the *Master Lease Purchase Agreement* from the original Lessor they presumably acknowledged that they had read it.

28. Plaintiffs, through Paragraph 6 of the *Master Lease Purchase Agreement*, establish:

   a) That they had knowledge of a risk that funding was not guaranteed;
   b) That they were assuming that risk;

    c) That individual *School District employees* (and not investment advisors) could not and were not guaranteeing future payments.

For the foregoing reasons, Defendant Thresa Giles respectfully requests that this Honorable Court dismiss all claims against her, in accordance with Rule 12(b)(6); Defendant Thresa Giles additionally and respectfully requests that this Honorable Court order Plaintiffs to pay the actual costs and attorney fees that she has been compelled to expend to defend against their claim, and impose sanctions under Rule 11 as set forth below.

## (C) DISMISSAL FOR FAILURE TO COMPLY WITH FEDERAL RULE OF CIVIL PROCEDURE 9(B)

29. Federal Rule of Civil Procedure 9(b) "requires a party alleging fraud or mistake to plead with particularity the circumstances constituting his or her claims." *In re Burlington Coat Factory Sec. Lit.*, 114 F.3d 1410, 1418 (3rd Cir. 1997).

30. Plaintiffs' 2nd Amended Complaint against individual former School District employees in this action fails to comply with Rule 9(b) because:

    a) Plaintiffs plead that individual former school district employees had falsely represented that federal funds were available to pay for their employer's obligations to Plaintiffs in future years under a document labeled *Master Lease Purchase Agreement (*See Paragraphs 36-41 of Second Amended Complaint and Exhibit A and B attachments to that version of the Complaint).

b) Plaintiffs' *Master Lease Purchase Agreement* attached to the 2nd Amended Complaint expressly states that it constitutes the "entire agreement" between the parties. (*See Paragraph 21 of Master Lease Purchase Agreement, attached to the 2nd Amended Complaint*).

c) Plaintiffs now plead that individual former school district employees made representations not contained in the *Master Lease Purchase Agreement* or in any other document provided to this Honorable Court or to the individual former School District employees.

d) Plaintiffs plead that the School District was in some manner *prohibited* from using federal funds that the individual School District employees allegedly represented would be available to Plaintiffs in future fiscal years (Paragraphs 39, 40; *see also* its Exhibit B).

e) Plaintiffs refuse to identify the alleged prohibition or in any manner provide statutory or other authority upon which its bald assertion of a prohibition is premised.

f) Plaintiffs grossly and knowingly fail to comply with the fundamental requirements of Federal Rule of Civil Procedure 9(b) by pleading "on information and belief" that:

   i. There is some sort of unidentified prohibition against federal funding,

   ii. in 2003, 2004, or 2005 three former School District employees induced them to enter into the *Master Lease Purchase Agreement* with a school

       district by misrepresenting or concealing the unidentified prohibition, and

  iii.  Plaintiffs—sophisticated investors—purchased the Lease in reliance on alleged misrepresentations of an unidentified prohibition by School District employees.

31. Federal Rule of Civil Procedure 9(b) authorizes dismissal of a complaint for failure to plead with particularity a claim of "fraud."

For the foregoing reasons, Defendant Thresa Giles respectfully requests that this Honorable Court dismiss all claims against her, in accordance with Rule 9(b); Defendant Thresa Giles additionally and respectfully requests that this Honorable Court impose against Plaintiffs actual costs and attorney fees she was compelled to incur to defend against their claim, and impose sanctions under Rule 11 as set forth below.

## (D) SUMMARY JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 56.

32. In the event this Honorable Court requires affidavits or other evidence outside the pleadings to ultimately render a decision relating to the relief sought in this motion, Movant respectfully requests that her motion pleadings be treated as a Motion for Summary Judgment.

### (E) MOTION FOR SANCTIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 11.

33. Defendant respectfully requests imposition of Rule 11 sanctions.

34. Although she is a resident of Florida, is not an attorney, and lacked the ability—within the 20 day period she had to file this motion—to access Plaintiffs' original 2006 Complaint and subsequent First Amended Complaint, she reasonably believes that Plaintiffs' most recent version (the Second Amended Complaint) has been filed in bad faith to add individuals who are out-of-state former employees of the defendant governmental agency in an intentional effort to:

   a) Prevent the governmental agency from indemnifying or representing its individual former employees in this action—as it otherwise would be required to do under 10 Del. C. §§ 4001-4005; Plaintiffs do this by artfully manipulating their 2006 contract claim against the governmental agency to assert an inexplicable new claim of "fraud" against that agency's former employees.[7]

   b) Use that absence of indemnification to coerce the affected individual former employees of the governmental agency to convey to Plaintiffs monies (assuming individuals would pay to avoid the hardship and inconvenience of personally conducting a defense in Delaware while

---

[7] Defendant Giles has been advised by Counsel for Defendant Christina School District that the District will not represent or indemnify her because Plaintiffs have alleged she individually engaged in fraud. If this Motion is ultimately considered under Federal Rule of Civil Procedure 56 in lieu of Rule 12, supporting documentation will be provided, including a confirming letter relating to Defendant School District's refusal to indemnify or represent the moving party.

remaining residents of and working within another state approximately one-thousand miles from Delaware);

c) Create an illusory basis of in personam jurisdiction over out-of-state individuals by characterizing as a "fraud" a pre-existing breach of contract claim against the governmental agency for whom those individuals once worked.

d) Create an illusory basis of in personam jurisdiction over out-of-state individuals by pleading falsely, and without particularity, that the individual former employees' actions, undeniably performed within the scope of their employment with the governmental agency, constituted fraud.

35. I, Thresa Giles, affirm the following:

a) I am the mother of four children,

b) I am a full time employee of a State of Florida school district,

c) I have been a resident of Florida for a period approaching two years.

d) Responding to Plaintiffs' Delaware complaint is heavily burdensome, costly both financially and emotionally, and unduly time consuming and intrusive on my life and the lives of my spouse and children.

36. Upon information and belief, Plaintiffs targeted Dr. Wise, David Sundstrom and myself as defendants in this action with malice and as a form of extortion, to wit:

a) **No other former or current Delaware School District employee has been named as a party-defendant to this civil action.**

b) According to Plaintiffs' pleadings, the decision to breach the *Master Lease Purchase Agreement* at issue was made on July 15, 2006 (*See Paragraph 32 of 2nd Amended Complaint*).

c) Plaintiffs' by their own pleadings admit that the decision was made well after Dr. Wise, David Sundstrom and I began working in Florida.

d) The decision—logically—could only have been made by key decision-makers within the Christina School District (with likely collusion with the Delaware Department of Education).

e) **Those decision-makers are not named in this civil action.**

f) Because of my distance from events there, I can only speculate as to why Plaintiffs, and Plaintiffs' counsel, have elected to exclude key decision-makers actually involved in the breach, while targeting three out-of-state individuals in a transparently false "fraud" claim.

37. **Perhaps it is only coincidental, but Plaintiffs' 2nd Amended Complaint was filed on October 24, 2007—less than 96 hours after the Delaware News Journal printed on its front page news that one of the Florida individual defendants had come in to a considerable sum of money.**

38. I have retained legal counsel in Florida, incurred substantial legal costs to date, and will bear additional child care, travel, lodging, and local transportation costs to defend against a claim that can only be described as meritless. At a minimum, I must respectfully request reimbursement for my actual costs and attorney fees.

39. Additionally, because of the evident bad faith on the part of Plaintiffs and Plaintiffs' representatives, and because of this Honorable Court's broad discretion

under Rule 11, I respectfully request that the Court consider the following sanctions:

a) An order to compel Plaintiff's counsel to satisfactorily complete courses in federal practice, professionalism and legal ethics.

b) To punish unacceptable conduct and to deter future wrongful conduct by Plaintiffs and their counsel, the joint responsibility of paying to the Court a sanction in an amount of not less than $10,000.

**WHEREFORE** Defendant Thresa Giles hereby requests that this Honorable Court dismiss Plaintiffs' 2nd Amended Complaint, grant her actual attorneys' fees and costs (expended to defend against Plaintiffs' claim and pursue this motion), and impose sanctions.

Respectfully submitted November 17, 2007 by:

Thresa Giles

11685 Blackstone River Drive
Jacksonville, FL 32256

Tel: (904) 651-6494

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served on all parties required to be served on this 17 day of November, 2007, by first class U.S. Mail delivery to:

Plaintiffs Counsel:
Patricia Smink Rogowski
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wimington, DE 19899

Christina School District Counsel:
David Williams
Morris, James
803 N. Broom Street
P.O.Box 2328
Wilmington, DE 19899-2328

_____
Thresa Giles, Defendant

THERESA GILES
11685 BLACKSTONE RIVER DR.
JACKSONVILLE, FL 32256

U.S. POSTAGE PAID
ST AUGUSTINE, FL
32080
NOV 7 '07
AMOUNT $2.50

CLERK OF THE COURT
(CIVIL DIVISION)
U.S. DISTRICT COURT
J. CALEB BOGGS FEDERAL BLDG.
844 N. KING STREET
LOCKBOX 18
WILMINGTON, DE 19801

U.S.M.S. X-RAY