IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

HAROLD TOLLIVER, an individual;
JAMES MCCRINK, an individual;
FEDERATED BANK, an Illinois bank;
LARRY KOLKO, an individual;
RAMONA ROBERTSON, an individual;
JANCIE FAYHEE, an individual; and
JACQUELINE BEIRNES, an individual;

      Civil Action No. 06-796-***

    Plaintiffs

v.

CHRISTINA SCHOOL DISTRICT:
THRESA GILES, an individual;
DAVID SUNDSTROM, an individual; and
JOSEPH WISE, an individual,

    Defendants

SCIENTIFIC LEARNING CORPORATION,

    Third-Party Defendant

---

**BRIEF IN SUPPORT OF DEFENDANT THRESA GILES MOTION TO DISMISS COMPLAINT (INCLUDING MOTION FOR SANCTIONS AND ALTERNATIVE MOTION FOR SUMMARY JUDGMENT)**

**TABLE OF CONTENTS**                                                                                      **Page**

PRELIMINARY STATEMENT...........................................................................................3
FACTS..............................................................................................................................3
ARGUMENT I      Lack of Personal Jurisdiction ..........................................................4
ARGUMENT II    Failure to State a Claim Upon Which Relief Can Be Granted .........5
ARGUMENT III   Failure to Plead With Particularity....................................................6
ARGUMENT IV    Summary Judgment ...........................................................................7
ARGUMENT V     Sanctions ............................................................................................7
CONCLUSION ............................................................................................................7, 8

**TABLE OF AUTHORITIES**

**Cases**                                                                                                  **Page**

*Baraka v. McGreevey*, 481 F3d 187, 195 (3d Cir 2007) ..................................................6
*Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1969 (2007) .......................................6
*Burger King v. Rudzewitcz*, 471 U.S. 462, 474-77 (1985) ..............................................5
*Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct 2548, 91 L. Ed 2d
265 (1986) ....................................................................................................................... 8
*Dainippon Screen Mfg. Co. v. CFMT, Inc.*, 142 F.3d 1266, 1269-70 (Fed. Cir. 1998) ... 3
*Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1198 (9th Cir. 1987) ..............................5
*Gundle Lining Constr. Corp. v. Adams County Asphalt, Inc.*, 85 F.3d 201, 204
(5th Cir. 1996) ...................................................................................................................3
*Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19
(9th Cir. 1990) ...................................................................................................................5
*International Shoe*, 326 U.S. at 316-20; *Burger King Corp. v. Rudzewicz*,
471 U.S. 462, 474-77 (1985) .........................................................................................3, 5
*LSI Indus. Inc., v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1374-75 (Fed. Cir. 2000) ......5
*Mack v. South Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986) ...... 5, 6
*McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936) ......................3
*Mink v. AAAA Dev. LLC*, 190 F.3d 333, 335 (5th Cir. 1999) .........................................5
*Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir.1997) ............................4
*Naeem v. Bensalem Township*, (No. 04-CV01958, March 24, 2005) ............................4
*Patent Incentives, Inc. v. Seiko Epson Corp.*, No. 89-1087, 878 F.2d 1446, 1989 WL
59272, at *1 (Fed. Cir. June 7, 1989)................................................................................3
*Schmitz v. Carroll*, (Civil Action No. 02-517, DE 2002) ................................................4
*Thompson v. Columbia/HCA Heathcare Corp.*, 125 F.3d 899, 903 (5th Cir 1998).........7

**Federal Rules**

FED. R. CIV. P. 9(b) ......................................................................................................4, 7
FED. R. CIV. P. 11 .............................................................................................................8
FED. R. CIV. P. 12(b)(2)....................................................................................................4
FED. R. CIV. P. 12(b)(6)...........................................................................................4, 6, 7
FED. R. CIV. P. 56(c) .................................................................................................... 4, 8

**Treatises**

5A Wright & Miller, Federal Practice and Procedure § 1357 (West 1990) ……………...6

**PRELIMINARY STATEMENT**

Plaintiff investors filed their 2nd Amended Complaint against multiple parties, including a Delaware school district and three former employees of that School District who reside in and work in Florida. Plaintiff's claim of this Honorable Court's jurisdiction over those individual out-of-state former school district employees is premised on two assertions of fact:

- That the individuals reside in Delaware (Paragraph 14 of Plaintiffs' 2nd Amended Complaint, and inconsistent with Paragraphs 9, 10 and 11 of their 2nd Amended Complaint, which acknowledge the individuals' residency in Florida.)

- That the individual former school district employees had falsely represented that federal funds were available to pay for their School District employer's obligation to Plaintiffs in future years.

Defendant Thresa Giles has filed a Motion to Dismiss Plaintiffs' claims against her under Federal Rules of Civil Procedure 9(b), 12(b)(2) and 12(b)(6), alternatively seeks Summary Judgment under Rule 56, and additionally seeks the imposition of sanctions against Plaintiffs for bad faith pleadings.

**FACTS**

On September 12, 2003 the Christina School District ("School District") entered a *Master Lease Purchase Agreement* ("Agreement") to obtain educational software for its students. The agreement involved three parties:

- The Christina School District, which was leasing/purchasing the software,
- Scientific Learning Corporation, the creator of the software, and

1

- Ed Beck & Associates, the entity funding or arranging funding for the transaction.

The three individual former School District employees identified as Defendants in Plaintiffs' 2nd Amended Complaint were not parties to this contract, did not participate in the negotiation of this contract, and did not hold themselves out as investment advisors to Ed Beck & Associates or any other party. No pleading states otherwise.

According to Plaintiffs' pleadings, Ed Beck and Associates sold its contractual interests to another investment group identified as the Salem Capital Group, which in turn sold those same interests to Plaintiff investors on June 29, 2005. At the time of these transactions, the three individual defendants in this action—Thresa Giles, David Sundstrom and Joseph Wise—were School District employees. Subsequently:

- Dr. Joseph Wise left the employment with the School District and became a resident of Florida on November 15, 2005.

- Thresa Giles left the employment with the School District and became a resident of Florida on April 30, 2006.

- David Sundstrom left employment with the School District and became a resident of Florida on May 31, 2006.

None of these individual, former School District employees own property in Delaware, transact business in Delaware, or reside in Delaware.

Plaintiffs claim that the School District breached its contract with them and began to refuse to pay its contractual obligations owed them on July 15, 2006. Plaintiffs now claim that the three former School District employees named as the only individual Defendants in this action somehow engaged in a fraud that resulted in their former employer School District's breach of contract.

2

**Argument I:    Lack of Personal Jurisdiction**

Once a defendant challenges personal jurisdiction, the plaintiff bears the burden of producing facts that support the existence of jurisdiction. *See McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Patent Incentives, Inc. v. Seiko Epson Corp.*, No. 89-1087, 878 F.2d 1446, 1989 WL 59272, at *1 (Fed. Cir. June 7, 1989); *Gundle Lining Constr. Corp. v. Adams County Asphalt, Inc.*, 85 F.3d 201, 204 (5th Cir. 1996). Further, maintenance of the suit in the forum at issue must be consistent with traditional notions of fair play and substantial justice embodied in the Due Process Clause of the United States Constitution. *Dainippon Screen Mfg. Co. v. CFMT, Inc.*, 142 F.3d 1266, 1269-70 (Fed. Cir. 1998); *International Shoe Co. v. Washington*, 326 U.S. 310, 316-20 (1945).

In the action before this Court, Plaintiffs have wholly failed to in any manner produce a fact that would give rise to a claim that Thresa Giles—an individual former employee of a public school district—engaged in *any* conduct that could establish a "fraud." Because Ms. Giles does not reside within the State of Delaware, conducts no business within the State of Delaware, derives no income within the State of Delaware, and receives no benefit conferred by the State of Delaware, Plaintiffs have—apparently after multiple attempts—filed a civil action against her former employer that now includes her as an additional party-defendant. Plaintiffs add Ms. Giles by artfully asserting bald assertions of "fraud" against her, unsupported by facts. The assertions are added for one purpose: to attempt to establish non-existent jurisdiction over an out-of-state individual through a deceptive assertion of intentional wrongdoing.

3

As the United States District Court for the District of Delaware noted in *Schmitz v. Carroll*, (Civil Action No. 02-517, DE 2002) "[T]he court need not 'credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." Citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3rd Cir. 1997); *See also Naeem v. Bensalem Township*, (No. 04-CV01958, March 24, 2005*)*, "[W]hen considering a motion to dismiss, we need not credit a party's "bald assertions" or "legal conclusions" (also citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir.1997).

In the present action, Plaintiffs' allegations—unsupported by facts—could only kindly be described as *bald assertions*. Arguably, they evidence something far more troubling: an attempt to coerce and defame; further, an attempt to extort from an out-of-state woman monies possibly owed by her former Delaware employer. Although Plaintiffs plead that the former employer intentionally "elected" to breach its contract with Plaintiffs on July 15, 2006, notably absent from Plaintiffs' pleadings is any claim that individuals associated with that election—an intentional wrongful act—are liable for that act. Instead, Plaintiffs attempt to hale into a federal court situated in Delaware Ms. Giles—a *former* Christina School District employee uninvolved in the election by the School District to breach the contract on July 15, 2006. A *former* employee sued as an individual. A *former* employee the employer—the Christina School District—refuse now to indemnify or defend. (Counsel for the Christina School District advised via voicemail on November 8, 2007 that the Defendant School District will *not* represent her or indemnify her in this action "because the allegations against [her *as an individual*] are

4

for intentional wrongful acts, and the statute doesn't require [the employer] to defend against claims of intentional wrongful acts of its employees.")[1]

"The Due Process Clause poses two requirements for the proper assertion of personal jurisdiction: (1) the non-resident must have some "minimum contacts" with the forum that results from an affirmative act on its part such that the non-resident defendant could anticipate being haled into the courts of the forum state; and (2) it must be fair or reasonable to require the non-resident to defend a suit in the forum such that the assertion of personal jurisdiction comports with traditional notions of fair play and substantial justice." *International Shoe*, 326 U.S. at 316-20; *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-77 (1985); *LSI Indus. Inc., v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1374-75 (Fed. Cir. 2000); *Mink v. AAAA Dev. LLC*, 190 F.3d 333, 335 (5th Cir. 1999).

The Plaintiffs' 2nd Amended Complaint fails to establish that Ms. Giles in any manner has "minimum contacts" with the State of Delaware. Further, the traditional notions of fair play and substantial justice prohibit Plaintiffs from haling into this Honorable Court a resident of Florida on the basis of the bald—and bad faith—assertions set forth in its most recent Complaint.

**Argument II:    Failure to State a Claim Upon Which Relief Can Be Granted**

"In determining whether to grant a motion to dismiss under Federal Rule 12(b)(6), the court primarily considers the allegations in the complaint, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint." *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1198 (9th Cir. 1987); *Mack v. South Bay*

---

[1] The voicemail has been retained in the event it is required for verification purposes.

5

*Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). See also *5A Wright & Miller, Federal Practice and Procedure § 1357* (West 1990).

In the present action, public records reveal that the statements attributable to Defendant Thresa Giles in Plaintiffs' 2nd Amended Complaint are true:

- Plaintiffs cannot dispute that Defendant School District paid Plaintiffs in Fiscal Year 2005 contract amounts due that fiscal year using federal funds (*See Plaintiffs' 2nd Amended Complaint, Paragraph 38)*

- Federal funds may be anticipated by a school district to fund the purchase of educational software that is the subject of the contract document attached to Plaintiffs' 2nd Amended Complaint.

As the United States Supreme Court recently held in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007): "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (internal citations omitted); *see also Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (stating that standard of review for motion to dismiss does not require courts to accept as true "unsupported conclusions and unwarranted inferences" or "legal conclusion[s]couched as factual allegation[s]."

Simply put, Plaintiffs have failed to state a claim against Defendant Thresa Giles. Further, the pleadings themselves indicate not just an absence of good faith, but a deliberate attempt to use the judicial system to achieve an improper purpose.

6

**Argument III:**     **Failure to Plead With Particularity**

"At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud." *Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1998). In the present action, Plaintiffs assert that Thresa Giles is personally liable for her former employer's breach of contract because:

- The Defendant School District elected not to pay its contractual obligation to Plaintiffs (Introduction, 2nd Amended Complaint)

- Thresa Giles allegedly filled in a blank on a document drafted by Plaintiffs in 2005 that stated the School District "expected and anticipated" federal funds would be available in future fiscal years to pay the School District's obligations to Plaintiffs. (Exhibit B attached to 2nd Amended Complaint)

- That "upon information and belief" federal funds were not available. (Paragraph 39, 2nd Amended Complaint)

As set forth in Argument I, "bald assertions" and "legal conclusions" are insufficient to support a claim of fraud. In the present action, Plaintiffs plead no fact giving rise to a claim of "fraud" against Ms. Thresa Giles. Further, they plead facts they know—or should have known—are false. In doing so, they portray Ms. Giles in a false light, and damage her personal and professional reputation. More importantly, they have artfully used their pleadings to create an illusory basis of in personam jurisdiction over an out-of-state individual by characterizing as a "fraud" a pre-existing breach of contract claim against the governmental agency for whom that individual once worked. This in and of itself evidences a gross level of bad faith, and an intent to undermine the individual's very livelihood for a financial advantage. It is dishonorable.

7

**Argument IV     Summary Judgment**

"Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to a ruling as a matter of law. FED. R. CIV. P. 56(c)," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct 2548, 91 L. Ed 2d 265 (1986). In the event that this Honorable Court requires affidavits or other evidence, Thresa Giles respectfully requests that her Motion to Dismiss be viewed by the Court alternatively as a Motion for Summary Judgment.

**Argument V     Sanctions**

Federal Rule of Civil Procedure 11(b) provides:

By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--

> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law . . . .

In the present action, Plaintiffs through their counsel have pleaded that:

- A representation was false that public records and Plaintiffs' own business records establish to be true.

8

- That Plaintiffs, sophisticated investors, somehow relied upon the statements of a school district employee in 2005 to make an investment decision exceeding $1 million in value, and were harmed by that reliance.

Plaintiffs, sophisticated investors, had notice that Thresa Giles is not an investment counselor, is not a financial advisor, and is not a financial forecaster. Nor do they plead it. They had notice that Ms. Giles was a school district employee, and that any document upon which they now rely specifically identifies her *as acting solely as agent of—and on behalf of—her employer the school district.* (See signature lines of Exhibits attached to Plaintiffs' 2nd Amended Complaint.) Yet Plaintiffs, less than 96 hours after the Delaware News Journal printed on its front page that another Florida resident and former School District employee had come into a considerable sum of money, filed their 2nd Amended Complaint. In it, they named the individual identified in the News Journal, his Chief of Staff, and Ms. Giles as *personally* liable for a Christina School District breach of contract.

**Conclusion**

The conduct set forth above demonstrates a reckless disregard for the integrity of the judicial system. It also evidences a level of bad faith that is wholly unjustifiable. For these reasons, Defendant Thresa Giles respectfully requests that—in addition to dismissal of all claims against her—the Court also impose sanction against Plaintiffs and their counsel as set forth in her motion.

**WHEREFORE** Defendant Thresa Giles hereby requests that this Honorable Court dismiss Plaintiffs' 2nd Amended Complaint, and grant her actual attorneys' fees and costs expended to pursue this motion.

9

_____  November 16, 2007
Thresa Giles

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served on all parties required to be served on this 16 day of November, 2007, by first class U.S. Mail delivery to:

Plaintiffs Counsel:
Patricia Smink Rogowski
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wimington, DE 19899

Christina School District Counsel:
David Williams
Morris, James
803 N. Broom Street
P.O.Box 2328
Wilmington, DE 19899-2328

_____
Thresa Giles, Defendant

10



THAEXA GILES
11685 BLACKSTONE RIVER DR.
JACKSONVILLE, FL 32256

CLERK OF THE COURT
(CIVIL DIVISION)
U.S. DISTRICT COURT
J. CALEB BOGGS FEDERAL BLDG.
844 N. KING STREET
LOCKBOX 18
WILMINGTON, DE 19801