## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

HAROLD TOLLIVER, an individual;
JAMES MCCRINK, an individual;
FEDERATED BANK, an Illinois Bank;
LARRY KOLKO, an individual;
RAMONA ROBERSON, an individual;
JANICE FAYHEE, an individual; and
JACQUELINE BEIRNES, an individual;

                Plaintiffs,

v.

CHRISTINA SCHOOL DISTRICT, a body
corporate and politic existing under the laws of
the State of Delaware;
THRESA GILES, an individual
DAVID SUNDSTROM, an individual; and
JOSEPH WISE, an individual.

                Defendants,

_____

CHRISTINA SCHOOL DISTRICT,

                Third-Party Plaintiff,

v.

SCIENTIFIC LEARNING CORPORATION,

                Third-Party Defendant.

Civil Action No. 06-796-***

---

### PLAINTIFFS' RESPONSE TO DEFENDANT THRESA GILES' MOTION TO DISMISS COMPLAINT (INCLUDING MOTION FOR SANCTIONS AND ALTERNATIVE MOTION FOR SUMMARY JUDGMENT)

---

Patricia Smink Rogowski (No. 2632)
CONNOLLY BOVE LODGE & HUTZ LLP
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
Telephone: (302) 658-9141

Stephen D. Bell
Scott P. Sinor
DORSEY & WHITNEY LLP
Republic Plaza Building, Suite 4700
370 17th Street
Denver, CO 80202-5647
Telephone: (303) 629-3400

Dated: December 6, 2007                **ATTORNEYS FOR PLAINTIFFS**

## TABLE OF CONTENTS

PAGE

I.    NATURE AND STAGE OF PROCEEDINGS......................................................1

II.   SUMMARY OF ARGUMENT...............................................................1

III.  FACTUAL BACKGROUND..................................................................2

IV.   ARGUMENT...................................................................................3

      A.    The Court Should Deny Defendant Giles' Motion to Dismiss
          For Failure to State a Claim or to Plead with Particularity........................3

      B.    The Court Should Deny Defendant Giles' Motion to Dismiss
          For Lack of Personal Jurisdiction.................................................7

      C.    No Basis for Rule 11 Sanctions Exists.............................................8

V.    CONCLUSION................................................................................10

## TABLE OF AUTHORITIES

**CASES**                                                                **PAGE**

*Boone v. Oy Partek AB,*
    724 A.2d 1150 (Del. Super. 1997)...........................................................7

*Burger King v. Rudzewicz,*
    471 U.S. 462, 105 S.Ct. 2174, 85 l.Ed.2d (1985)..................................8

*In re Burlington Coat Factory Securities Litigation,*
    114 F.3d 1410 (3d Cir. 1997).............................................................6

*Cannon v. Cherry Hill Toyota, Inc.,*
    190 F.R.D. 147 (D. N.J. 1999)...........................................................9

*Capano v. Borough of Stone Harbor,*
    530 F.Supp. 1254 (D. N.J. 1982)........................................................6

*Christidis v. First PA Mortgage Trust,*
    717 F.2d 96 (3d Cir. 1983)................................................................4

*Donsco, Inc. v. Casper Corp.,*
    587 F.2d 602 (3d Cir. 1978)..............................................................6

*E.I. DuPont de Nemours & Co. v. Rhodia Fiber and Resin Intermediates, S.A.S.,*
    197 F.R.D. 112 (D. Del. 2000)........................................................7, 8

*Eastern States Petroleum, Co. v. Universal Oil Prods., Inc.,*
    3 A.2d 768 (Del. Ch. 1939)..............................................................6

*H-M Wexford LLC v. Encorp., Inc.,*
    832 A.2d 129 (Del. 2003).................................................................3

*Int'l Shoe Co. v. Washington,*
    326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945)...................................8

*Marino v. Cross Country Bank,*
    2003 WL 503257 (Del. Ch. Feb. 14, 2003).........................................6

*Reach & Assoc. v. Dencer,*
    269 F.Supp.2d 497 (D. Del. 2003).....................................................7

*Seville Indus. Mach. Corp. v. Southmost Mach. Corp.,*
    742 F.2d 786 (3d Cir. 1984)..............................................................4

*Stonington Marino v. Cross Country Bank*,
        2003 WL 503257 (Del. Ch. Feb. 14, 2003)...................................................6

*Stonington Partners, Inc. v. Lernout & Houspie Speech Prods., N.V.*,
        2002 WL 31439767 (Del. Ch.  Oct. 23, 2002).............................................6

*Student Finance Corp. v. Royal Indemnity Co.*,
        2004 WL 609329 (D. Del. March 23, 2004)................................................6

*Toner v. Allstate Ins. Co.*,
        821 F.Supp. 276 (D. Del. 1993).......................................................4, 6, 7

*Traynor v. Liu*,
        495 F.Supp.2d 444 (D. Del. 2007)...........................................................7


**STATUTES AND RULES**

34 C.F.R. §200.25...............................................................................................6

10 Del. C. §3104................................................................................................7

Fed.R.Civ.P. 9....................................................................................................3

Fed.R.Civ.P. 11...............................................................................................8, 9

## I.    NATURE AND STAGE OF PROCEEDINGS

Plaintiffs, by and through their undersigned attorneys, respond to Defendant Thresa Giles' Motion to Dismiss Complaint (Including Motion for Sanctions and Alternative Motion for Summary Judgment) (the "Motion") (D.I. 37). Plaintiffs served the Second Amended Complaint upon defendants Christina School District ("School District") and Thresa Giles ("Giles"). Plaintiffs are following the long arm service procedures to complete service on individual Defendants David Sundstrom and Joseph Wise.

## II.    SUMMARY OF ARGUMENT

1.    The Court should deny the Motion because Plaintiffs properly pled fraud. In June 2005, Defendant Giles, acting as the Christina School District Chief Financial Officer in the State of Delaware, represented that Title I, No Child Left Behind federal funding ("Title I Funding") would be used to make payments under the parties' Master Lease Agreement. In fact, as part of its defense in the pending litigation the School District has advised that Title I Funding could not have been used to make some or all of the payments. These facts, as alleged in Plaintiffs' Second Amended Complaint, state a claim against Defendant Giles with particularity.

2.    This Court has personal jurisdiction over Defendant Giles because she committed the tort while a resident and employee of Delaware, thereby conducting business in Delaware, deriving income from Delaware, and receiving benefits from Delaware.

3.    Because Plaintiffs properly pled fraud and this Court has personal jurisdiction over Defendant Giles, her request for sanctions is improper, and, in any case, is procedurally deficient. Accordingly, the Court should deny Defendant Giles' Motion.

1

III.    FACTUAL BACKGROUND

In 2003, Defendant Christina School District sought funding to purchase computer software from Scientific Learning Corporation to aid in student development. Plaintiffs' Second Amended Complaint ¶¶ 16, 17 ("Amended Complaint")(D.I. 24). Ed Beck & Associates, Incorporated (EBA) agreed to finance the software purchase and executed a Master Lease Agreement ("Agreement") establishing the terms by which the School District acquired the software. *Id.* at ¶ 18.

Under the Agreement, the School District elected to finance the software over several years. *Id.* at ¶ 19; Exhibit A to Amended Complaint. Under this payment schedule, the final rental payment was not due until July 2008. *Id.* ¶¶ 19, 26; Exhibit A to Amended Complaint. To comply with Delaware law concerning public schools and their debt, the continuation of the Agreement for any fiscal year was contingent upon the School District annually obtaining funds from which Lease Payments on the contract would be made. *Id.* at ¶ 20. Thus, as part of the Agreement, the School District was required to verify the source of its current and future payments. *Id.* at ¶¶ 20, 34. At the time it executed the Agreement and at all times since, the School District has received funding from the federal government under Title I of the "No Child Left Behind" program ("Title I Funding"). *Id.* at ¶ 22, 35.

In 2005, the School District amended the Agreement by purchasing additional software and re-financing the payment terms. *Id.* at ¶ 25, Exhibit B to Amended Complaint. As inducement for the amendments, the School District was required to make representations as to the source of funding for fiscal year 2005, as well as future payments. *Id.* at ¶¶ 20, 34, 35, 38, Exhibit B to Amended Complaint. To this end, Defendant Giles, the School District's Chief Financial Officer, represented that Title I Funding would fund the 2005 fiscal year and funds

2

from that program would be used for current and future Lease Payments. *Id.* at ¶ 38, Exhibit B to Amended Complaint.

The School District has advised Plaintiffs recently that Title I Funding could not be used to make some or all of the payments. *Id.* at ¶ 39. As alleged in the Complaint, Defendant Giles either knew that her representation that Title I Funding could be used to make some or all of the payments was false or made this representation with indifference to the truth of the fact. *Id.* at ¶ 40. Defendant Giles made this representation with the intent that it be relied on and to induce execution of the Agreement. *Id.* at ¶¶ 41, 90. Defendant Giles' representations were justifiably relied on when the Agreement was amended in 2005. *Id.* at ¶ 42.

In 2005, all right, title and interest in the Agreement was assigned to Salem Capital Group, who in turn assigned all right, title and interest in the Agreement to the Plaintiffs, all in accordance with the terms of the Agreement. *Id.* at ¶ 27.

## IV.    ARGUMENT

A.    **The Court Should Deny Defendant Giles' Motion to Dismiss for Failure to State a Claim or to Plead with Particularity.**

Plaintiffs allege fraud against Defendant Giles, which, under Delaware common law, requires:

> (1) the existence of a false, representation, usually one of fact, made by the defendant; (2) the defendant had knowledge or belief that the representation was false, or made the representation with requisite indifferent to the truth; (3) the defendant had the intent to induce the plaintiff to act or refrain from acting; (4) the plaintiff acted or did not act in justifiable reliance on the representation; and (5) the plaintiff suffered damages as a result of such reliance.

*H-M Wexford LLC v. Encorp, Inc.*, 832 A.2d 129, 144 (Del. 2003). Under Fed.R.Civ.P. 9(b), a Plaintiff must state fraud with "particularity." However, the Third Circuit has warned that "focusing exclusively on [the rule's] 'particularity' language is too narrow an approach and fails

to take account of the general simplicity and flexibility contemplated by the rules." *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3rd Cir. 1984) (quoting *Christidis v. First Pa. Mortgage Trust*, 717 F.2d 96, 100 (3d. Cir. 1983)) (internal quotations omitted).  Thus, Plaintiffs need not plead specifics as to date, time and place of the alleged fraud so long as plaintiffs use alternative means of injecting precision and some measure of substantiation into their allegations of fraud. *Seville*, 742 F.2d at 791.

Here, Plaintiffs' Amended Complaint properly pled fraud.  As alleged in the Amended Complaint (D.I. 24, by paragraph number):

- 19.    The School District elected to finance the software over several years.

- 34.    As part of the Agreement, [Plaintiffs] also required the School District to verify the source of its future payments.

- 35.    To this end, in 2003, 2004, and 2005, the School District represented that it would use Title I, No Child Left Behind federal funding to make the payments.

- 38.    On June 23, 2005, Defendant Giles, Chief Financial Officer for the School District, represented that the source of funds payments of amounts due under the Agreement for the 2005 fiscal year was Title I, No Child Left Behind federal funding.

- 39.    On information and belief, Title I, No Child Left Behind federal funding could not be used to make some or all of the payments.

- 40.    On information and belief, Defendants had the knowledge or belief that this representation was false or made this representation with indifference to the truth of the fact.

- 41.    On information and belief, Defendants made the representations with the intent to induce execution of the Agreement.

4

- 42.    Defendants' representations were justifiably relied on when the Agreement was entered into.

- 43.    [Plaintiffs] have suffered damage as a result of Defendants' fraud.

Thus, Plaintiffs' Second Amended Complaint alleges that Giles represented that the source of future funding would be Title I Funding. The School District has advised recently that Title I Funding could not be used because not all schools within the Christina School District in fact meet the requirements for Title I, which information is within the School District's possession and control. Because Title I Funding could not be used to make all of the payments under the contract at the time of the extension in 2005, including future payments in years 2006-2008, Defendant Giles committed fraud when she so represented. As a result, Plaintiffs have adequately pled fraud. By particularly pleading all of the elements of fraud, Plaintiffs have also stated all elements necessary to state a claim on which relief can be granted.

Defendant Giles contends that because payments were made in 2005, no basis for Plaintiffs' claim exists. While Defendant Giles is correct that the 2005 payment was made, the issue raised in this case is Defendant Giles' representation regarding *future* payments and the source of funding for those payments. Defendant represented that Title I Funding could be used for payments in the future to induce Plaintiffs to extend the program when, in fact, the School District now says they could not be so used. Thus, at the time Giles made the representation about the future source of funding she knew that it could not be used to make some or all of the payments under the contract.

Additionally, Defendant Giles claims she cannot be held personally liable for any fraud because she was acting in a corporate capacity on behalf of the School District. However, it is well established that corporate officials may be held personally liable for fraud, even if actions

were undertaken in an official capacity. *See Marino v. Cross Country Bank*, 2003 WL 503257 at *7 (Del. Ch. Feb. 14, 2003); *Stonington Partners, Inc. v. Lernout & Houspie Speech Prods., N.V.,*, 2002 WL 31439767 (Del. Ch. Oct. 23, 2002); *Donsco, Inc. v. Casper Corp.*, 587 F.2d 602, 606 (3d. Cir. 1978).

Next, Defendant Giles claims that her representation that the School District "expected or anticipated" continued Title I Funding to pay for the future payments is not actionable fraud because she did not guarantee payment. Whether she guaranteed payment is irrelevant here. That Giles made a material false statement concerning the source and ability to use funds, which was false at the time made, so that the School District would obtain additional programs gives rise to the claim. This is precisely the type of representation on which a fraud claim may be based. *Capano v. Borough of Stone Harbor*, 530 F.Supp. 1254, 1264 (D.N.J. 1982); *see Eastern States Petroleum, Co. v. Universal Oil Prods., Inc.*, 3 A.2d 768, 775-76 (Del Ch. 1939) ("'Matters which might otherwise be expressions of opinion may become the basis for an action for fraud, when stated as accomplished by facts by one of the parties to the contract....'"); *Student Finance Corp. v. Royal Indemnity Co.*, 2004 WL 609329 at *3 (D. Del. March 23, 2004).

Finally, Defendant claims failure to plead the basis by which the School District is prohibited from using Title I Funding. Such pleading is not required, as all that is required is to give notice of the claims. Notwithstanding that, the basis for the claim includes, but is not limited to, 34 C.F.R. § 200.25, which addresses school wide programs. Plaintiffs have adequately stated a claim for relief and have pled fraud with particularity. Thus, this Court should deny Plaintiff's Motion to Dismiss.[1]

---

[1] In the alternative, the Court should permit amendment rather than dismissing the Complaint in its entirety. *Cf. Toner*, 821 F.Supp. at 285 (amended complaint dismissed with leave to amend for failure to allege breach of implied covenant of good faith and fair dealing with particularity).

**B.    The Court Should Deny Defendant Giles' Motion to Dismiss
for Lack of Personal Jurisdiction.**

Defendant Giles claims that because she no longer resides in Delaware and was not a resident as of July 15, 2006, the date of breach, this Court lacks personal jurisdiction. Defendant Giles' argument misconstrues the nature of Plaintiffs' claims. Plaintiffs' claims sound in fraud committed by Defendant in 2005, when she was admittedly a resident of this State. Accordingly, this Court has personal jurisdiction.

To determine whether the Delaware courts can obtain personal jurisdiction over a nonresident, a two-step analysis is applied. *E.I. duPont de Nemours & Co. v. Rhodia Fiber and Resin Intermediates, S.A.S.,* 197 F.R.D. 112, 119 (D. Del. 2000). First, the court considers whether the Delaware Long Arm Statute, 10 Del.C. § 3104, applies. *Id.* Section 3104 has been broadly construed to confer jurisdiction to the maximum extent possible under the due process clause. *Id.* Where the claim is one for tortious injury under subsection (c)(3), a single "act or omission" in the State in which the injury was caused suffices. *Id.; see Reach & Assoc. v. Dencer*, 269 F.Supp.2d 497, 503 (D. Del. 2003). To establish transactional or specific jurisdiction, plaintiff must demonstrate not only that an act or acts occurred in Delaware but also that its causes of action arise from those act or acts. 197 F.R.D. at 119; see also *Traynor v. Liu,* 495 F.Supp.2d 444, 449 (D. Del. 2007), *citing Boone v. Oy Partek AB*, 724 A2d 1150, 1156-57 (Del. Super. 1997)(The provisions of Section 3104 "have been construed 'liberally so as to provide jurisdiction to the maximum extent possible' in order 'to provide residents a means of redress against those not subject to personal service within the State.'").

Second, the court examines whether *in personam* jurisdiction under § 3104 violates the due process clause of the fourteenth amendment. *E.I. duPont de Nemours & Co.,* 197 F.R.D. at 121. To establish sufficient minimum contacts to satisfy due process, "the nonmoving party

7

must show that the moving party 'purposely availed' itself of the benefits of the forum such that it should 'reasonably anticipate being hailed into court in that state.'" *Id.* (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945) and *Burger King v. Rudzewicz*, 471 U.S. 462, 475-76, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)).

Here, Defendant Giles was a resident of Delaware and the School District's CFO when she made the fraudulent representations. Thus, Defendant Giles took actions within the State of Delaware that have caused Plaintiffs' damages. As a resident and employee of the State of Delaware at the time she made the representations, there is no question that she purposefully availed herself of the benefits and protections of the state. Additionally, Defendant Giles should have reasonably anticipated being required to defend herself in this Court for tortious acts she committed while both a Delaware resident and an employee in the state of Delaware. D.I. 24, ¶¶ 9, 12, 38. Accordingly, this Court may exercise personal jurisdiction over Defendant Giles.

## C.    No Basis for Rule 11 Sanctions Exists.

Defendant Giles seeks Fed.R.Civ.P. 11 sanctions claiming that Plaintiffs both mischaracterized a breach of contract claim as fraud and falsely pled fraud to obtain personal jurisdiction over her. Sanctions are not appropriate because Plaintiffs adequately stated a claim for fraud as noted above, and, in any event, Defendant's Motion is deficient procedurally. Plaintiffs correctly pled fraud against Defendant Giles and have proved the claim's validity beyond dispute. No substantive basis exists for sanctions.

Defendant Giles' Motion is deficient procedurally under F.R.C.P. 11. Under Rule 11(c)(1)(A), a motion for sanctions:

> shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It

8

> shall be served as provided in Rule 5, but *shall not be filed with or presented to the court* unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected.

(emphasis added).  Defendant Giles failed to comply with Rule 11 by not serving the Motion

twenty-one (21) days before filing and by not submitting it as a separate motion.  *Cannon v.*

*Cherry Hill Toyota, Inc.*, 190 F.R.D. 147, 158-59 (D.N.J. 1999) (denying motion for Rule 11

sanctions for failure to comply with rule's procedural requirements). Accordingly, the Court

should deny her request for Rule 11 sanctions.

## V.    CONCLUSION

WHEREFORE, Plaintiffs respectfully request this Court to deny Defendant Giles'

Motion to Dismiss Complaint (Including Motion for Sanctions and Alternative Motion for

Summary Judgment).

Respectfully submitted this 6th day of December 2007.

Patricia Smink Rogowski (No. 2632)
CONNOLLY BOVE LODGE & HUTZ LLP
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
Telephone:  (302) 658-9141
progowski@cblh.com

DORSEY & WHITNEY LLP
Stephen D. Bell
Scott P. Sinor
Republic Plaza Building, Suite 4700
370 17th Street
Denver, CO 80202-5647
Telephone:  (303) 629-3400

**ATTORNEYS FOR PLAINTIFFS**

10

## CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2007, I electronically filed **PLAINTIFFS'**

**RESPONSE TO DEFENDANT THRESA GILES' MOTION TO DISMISS COMPLAINT**

**(INCLUDING MOTION FOR SANCTIONS AND ALTERNATIVE MOTION FOR**

**SUMMARY JUDGMENT)** with the Clerk of Court using CM/ECF which will send notification

of such filing(s) to David H. Williams and James H. McMackin, III.


I hereby further certify that on December 6, 2007, I have also served the document(s) on

the attorneys of record at the following addresses as indicated:


**Via Hand Delivery**
David H. Williams
James H. McMackin, III
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899 2306

**Via U.S. First Class Mail**
Thresa Giles
11685 Blackstone River Drive
Jacksonville, FL 32256-2920


By: _/Patricia S. Rogowski/_
    Patricia Smink Rogowski (DE Bar #2632)
    Connolly Bove Lodge & Hutz LLP
    P.O. Box 2207
    1007 N. Orange Street
    Wilmington, DE 19899
    (302) 658-9141
    progowski@cblh.com


523734_6.DOC