IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HAROLD TOLLIVER, an individual; JAMES MCCRINK; an individual; MATT CLARK; an individual; LARRY KOLKO, an individual; RAMONA ROBERSON, an individual; JANICE FAYHEE, an individual; and JACQUELINE BEIRNES, an individual,<br><br>          Plaintiffs,<br><br>v.<br><br>CHRISTINA SCHOOL DISTRICT,<br><br>          Defendant. | C.A. No. 06-796-GMS |
| CHRISTINA SCHOOL DISTRICT,<br><br>          Third-Party Plaintiff,<br><br>v.<br><br>SCIENTIFIC LEARNING CORPORATION<br><br>          Third-Party Defendant. | |

**SCIENTIFIC LEARNING CORPORATION'S REPLY BRIEF IN SUPPORT OF ITS
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM
<u>UPON WHICH RELIEF CAN BE GRANTED</u>**

          Jennifer Gimler Brady (#2874)
          David E. Moore (#3983)
          Michael B. Rush (#5061)
          POTTER ANDERSON & CORROON LLP
          Hercules Plaza, 6th Floor
          1313 N. Market Street
          Wilmington, DE 19801
          Tel: (302) 984-6000
          jbrady@potteranderson.com
          dmoore@potteranderson.com
          mrush@potteranderson.com

Dated: February 5, 2008           *Attorneys for Third-Party Defendant*
845053 / 32439           *Scientific Learning Corporation*

## **TABLE OF CONTENTS**

ARGUMENT ..................................................................................................................... 1

    I.    UNJUST ENRICHMENT IS UNAVAILABLE WHERE A VALID
         CONTRACT EXISTS. ..................................................................................... 1

    II.   VALID CONTRACTS EXIST AND EXCLUSIVELY GOVERN THE
         PARTIES' OBLIGATIONS IN THIS CASE. .................................................. 1

    III.  THE DISTRICT'S VIEW OF THE UNJUST ENRICHMENT
         DOCTRINE IS UNDULY EXPANSIVE .......................................................... 3

CONCLUSION .................................................................................................................. 6

# TABLE OF AUTHORITIES

**CASES**

| | **Page(s)** |
|---|---|

*Breakaway Solutions, Inc. v. Morgan Stanley & Co. Inc.*,
  C.A. No. 19522-NC, 2005 WL 3488497 (Del. Ch. Dec. 8, 2005) .................................. 3-4

*Dovale v. Marketsource, Inc.*,
  No. 05-2872, 2006 WL 2385099 (D.N.J. Aug. 17, 2006) ........................................ 4, 5

*Fitzgerald v. Cantor*,
  C.A. No. 16297, 1998 WL 326686 (Del. Ch. June 16, 1998) ...................................... 3

*Resources Ventures, Inc. v. Resources Management Int'l, Inc.*,
  42 F. Supp. 2d 423 (D. Del. 1999) ................................................................ 4

*Rossdeutscher v. Viacom, Inc.*,
  768 A.2d 8 (Del. Super. Ct. 2001) ................................................................ 3

*The Data Group v. AT&T Communications*,
  No. 94-3541, 1995 WL 235018 (E.D. Pa. Apr. 13, 1995) ....................................... 4-5

**STATUTES, RULES & REGULATIONS**

Fed. R. Civ. P. 12(b)(6) .................................................................................. 5

This is the Reply Brief of Third-Party Defendant Scientific Learning Corporation ("SLC") in support of its Motion to Dismiss the Third Party Complaint filed by Defendant/Third-Party Plaintiff Christina School District (the "District"). As stated in SLC's Opening Brief, the District has failed to state a claim upon which relief can be granted.

## ARGUMENT

### I. UNJUST ENRICHMENT IS UNAVAILABLE WHERE A VALID CONTRACT EXISTS.

A claim for unjust enrichment should be dismissed by the Court, where as here, valid contracts exists between the parties. *See* D.I. 50 (Opening Brief), p. 6. As demonstrated below, the District concedes, as it must, that fully integrated contracts exists between the parties. *See* D.I. 55 (Answering Brief), p. 3. As such, SLC respectfully submits that the Court should dismiss the District's defective unjust enrichment claim.

### II. VALID CONTRACTS EXIST AND EXCLUSIVELY GOVERN THE PARTIES' OBLIGATIONS IN THIS CASE.

In its Answering Brief, the District concedes the existence of valid contracts between itself and SLC.[1] *See* D.I. 55, p. 3 ("In a case such as this where a valid contract exists..."). The contracts consist of three sets of Order Forms with Terms and Conditions (collectively, "Contracts") that were entered into between the District and SLC in 2003, 2004, and 2005. *See* D.I. 50, at Exs. B, C, and D.

There is no dispute that the Contracts are legal, binding agreements between SLC and the District or that the subject matter of these Contracts is the purchase and sale of certain software

---

[1] In its response to SLC's Motion, the District attaches for the first time payment documents dated August 2004 and October 2004 (*see* D.I. 56, p. B33-34). Contrary to the District's assertions, these documents demonstrate only that SLC was sent a check for $333,380 in error in August 2004 and that the check, upon being returned by SLC, was forwarded to the intended payee, Salem Capital Services, Inc. in October of the same year.

products and services by SLC to the District. More specifically, the Contracts <u>exclusively</u> govern the relationship between SLC and the District with regard to the purchase of the software products and the delivery of support services.

Two clauses in the Contracts are particularly informative on this point. First, the "Scope of Agreement" contained in the Terms and Conditions states, "[t]he terms of the Agreement govern...c. Customer's purchase of support or other services, if such services are specified in the Order Document." *See* D.I. 50, Exs. B-C, Terms and Conditions, at ¶ 1.c. Second, the Contracts contain a clause stating that "[t]hese Terms and Conditions, the Order Document, any signed written agreement between Licensor and Customer relating to this license and the documents to which they refer constitute the ***entire agreement*** between Licensor and Customer relating to the subject matter hereof." *See* D.I. 50, Exs. B-C, Terms and Conditions, at 10.e; D.I. 50, Ex. D, Terms and Conditions at 11.e (emphasis added). The foregoing clauses, coupled with the District's concessions on the facts alleged in Scientific Learning's Opening Brief, clearly demonstrate that the parties intended the Contracts to represent the full agreement between them.

Additionally, and of specific relevance to the District's argument that its unjust enrichment claim should survive is the undisputed fact that the District received various discounts and promotional deals as part of the Contracts. *See* D.I. 50, p. 3. This fact underscores the nature of the Contracts as bargained for exchanges between the parties. Furthermore, the District was fully aware at the time of contracting of the potential funding contingency asserted in this case, as the contingency was specifically addressed in the contemporaneously negotiated Master Lease Agreement that is at issue in the underlying dispute between the District and the investor Plaintiffs. *See id.* Indeed, the Master Lease Agreement permits the District to essentially walk away from its obligations thereunder, should a particular funding contingency

2

arise. Thus, the District cannot contend that this same contingency—and the potential ramifications with respect to the Contracts—were not "on the radar screen" when the Contracts were negotiated.

### III.   THE DISTRICT'S VIEW OF THE UNJUST ENRICHMENT DOCTRINE IS UNDULY EXPANSIVE.

The District's only argument in response to the instant Motion is that the absence of a specific clause in the Contracts that would allow or forbid the right to a refund requires denial of SLC's Motion. D.I. 55, p. 5. The District cites one case in support of this proposition, *Fitzgerald v. Cantor*, C.A. No. 16297, 1998 WL 326686 (Del. Ch. June 16, 1998), but that case does not support the District's suggested expansion of the unjust enrichment doctrine. In fact, the *Fitzgerald* case supports, rather than discredits, SLC's position.

In *Fitzgerald*, the Court of Chancery declared that a claim for unjust enrichment will be allowed "unless and until this Court determines that the defendant's obligations are ***governed exclusively by contract***." See D.I. 55 at 3 (quoting *Fitzgerald*, 1998 WL 326686 at *6)(emphasis added). The language used by the *Fitzgerald* court does not require this Court to examine a contract provision by provision to see whether any one provision explicitly deals with the particular issue raised in the unjust enrichment claim. Instead, *Fitzgerald*, like the unjust enrichment cases cited in SLC's Opening Brief, only requires that the Court determine that the contract exclusively governs the parties' obligations. In other words, the relevant inquiry is whether the nature of the dispute is covered by the subject matter of the underlying contract. *See Rossdeutscher v. Viacom, Inc.*, 768 A.2d 8, 23-24 (Del. Super. Ct. 2001)("the existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in quasi contract for events arising out of the same subject matter")(applying New York law); *Breakaway Solutions, Inc. v. Morgan Stanley & Co., Inc.*, C.A. No. 19522-NC, 2005 WL

3

3488497, *2 (Del. Ch. Dec. 8, 2005)(same); *see also Dovale v. Marketsource, Inc.*, No. 05-2872, 2006 WL 2385099, *8 (D.N.J. Aug. 17, 2006)("The authority of an express contract will take precedent over a theory of unjust enrichment…concerning the identical subject matter since 'the parties are bound by their agreement, and there is no ground for implying a promise so long as a valid unrescinded contract governs the rights of the parties'")(citations omitted)(applying N.J. law).

The District alleges that in each of the cases cited by SLC in its Opening Brief, "an express contractual provision governed the dispute." *See* D.I. 55 at 2. However, an examination of these cases reveals that the courts evaluated whether the underlying contract ***exclusively governed*** the party's obligations, not whether there was a specific provision related to any one issue. *See, e.g., Resources Ventures, Inc. v. Resources Management Int'l, Inc.*, 42 F. Supp. 2d 423, 439-40 (D. Del. 1999) (barring a claim for unjust enrichment after finding that a contract "govern[ed] the relationship of the parties and the obligations involved in this lawsuit"). Here, the Court need not find a "refund provision" in the contract to dismiss the unjust enrichment claim. Rather, the Court need only determine that the Contracts govern the relationship of the parties and their obligations.

In the present case, as noted above, the Contracts exclusively govern the party's obligations with respect to the delivery of and payment for specific software and supporting services. *Supra* at pg. 1-2. The Third Party Complaint centers on the payments made pursuant to those Contracts. Clearly, the contracts govern the obligations of the parties. Perhaps the District would have a valid unjust enrichment claim, if the present dispute centered around payment for school buses or some other items not addressed in the Contracts. *See, e.g., The Data Group v. AT&T Communications*, No. 94-3541, 1995 WL 235018, *3 (E.D. Pa. Apr. 13,

4

1995)(denying summary judgment motion on unjust enrichment claim because there was an issue whether the unjust enrichment claim was based on the same subject matter in the express contract where Plaintiff claimed they did additional work outside the terms of the contract). Here, however, the claims relate entirely to the "purchase of [and payment for] support or other services" as set forth in detail in the fully merged contracts between the parties. *See* D.I. 50, Exs. B-C, Terms and Conditions, at ¶ 1.c; Ex. D, Terms and Conditions.

Finally, it must be noted that courts are loathe to permit unjust enrichment claims as a means to save a party from a bargain it now regrets. *See* D.I. 50, p. 7; *see also Dovale*, 2006 WL 2385099 at *8 ("'The doctrine [of unjust enrichment] does not operate to rescue a party from the consequences of a bad bargain'"). Yet, that is precisely the relief the District seeks through its Third-Party Complaint. Under the circumstances of this case, the District's claim against SLC for unjust enrichment is fundamentally flawed, and as such, it should be dismissed.

## CONCLUSION

For the foregoing reasons, and for those stated in its Opening Brief, SLC respectfully requests that the Court dismiss the District's Third-Party Complaint for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).

POTTER ANDERSON & CORROON LLP

By: /s/ David E. Moore
Jennifer Gimler Brady (#2874)
David E. Moore (#3983)
Michael B. Rush (#5061)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
jbrady@potteranderson.com
dmoore@potteranderson.com
mrush@potteranderson.com

Dated: February 5, 2008
845053 /32439

*Attorneys for Third-Party Defendant*
*Scientific Learning Corporation*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on February 5, 2008, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on February 5, 2008, the attached document was Electronically Mailed to the following person(s):

David H. Williams
James H. McMackin, III
Morris James LLP
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899-2306
dwilliams@morrisjames.com
jmcmackin@morrisjames.com

Patricia Smink Rogowski
Connolly, Bove, Lodge & Hutz
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
progowski@cblh.com

I further certify that on February 5, 2008, the attached document was Mailed, via U.S. First Class Mail, to the following person(s):

Thresa Giles
11685 Blackstone River Drive
Jacksonville, FL 32256
904-651-6494
PRO SE

By: /s/ David E. Moore
    Jennifer Gimler Brady
    David E. Moore
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, Delaware 19899-0951
    Tel: (302) 984-6000
    jbrady@potteranderson.com
    dmoore@potteranderson.com

831353 / 32439