IN THE UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HAROLD TOLLIVER, JAMES MCCRINK, MATT CLARK, LARRY KOLKO, RAMONA ROBERSON, JANICE FAYHEE, and JACQUELINE BEIRNES </br></br>Plaintiffs, </br></br>v. </br></br>CHRISTINA SCHOOL DISTRICT, </br></br>Defendant. </br>_____ </br>CHRISTINA SCHOOL DISTRICT, </br></br>Third-Party Plaintiff, </br></br>v. </br></br>SCIENTIFIC LEARNING CORPORATION, </br></br>Third-Party Defendant. | C.A. No. 06-796-GMS |

## MEMORANDUM

**I.    INTRODUCTION**

On December 28, 2006, plaintiffs Ramona Roberson, Janice Fayhee, Jacqueline Beirnes, Harold Tolliver, James McCrink, Matt Clark, and Larry Kolko (collectively, the "plaintiffs") filed this lawsuit against Christina School District (the "District"). The complaint was amended twice subsequent to the initial filing. The second amended complaint alleges breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment against the District, and a common law fraud count against the District and individual defendants Thresa Giles, David Sundstrom, and Joseph Wise. The District answered the second amended complaint on November

15, 2007.

On June 29, 2007, the District moved for leave to file a third-party complaint against Scientific Learning Corporation ("SLC"), which the court granted on October 17, 2007. The third-party complaint, which alleges one count of unjust enrichment against SLC, was deemed filed the same day. Presently pending before the court is SLC's motion to dismiss the District's third-party complaint for failure to state a claim. For the reasons stated below, the court will grant SLC's motion to dismiss.

## II.     FACTUAL BACKGROUND

In searching for computer software to aid in student development, the District selected software created and sold by SLC. (D.I. 22, Ex. A ¶¶ 13, 14.) To fund the computer software, the District executed a Master Lease Agreement (the "Agreement") on September 12, 2003, with Ed Beck & Associates ("EBA") Inc.,[1] an entity that coordinates funding for, among others, public schools. (D.I. 22, Ex. A ¶¶ 14, 15.) The Agreement establishes the terms by which the District finances computer software. The Agreement automatically renews every fiscal year unless the District gives notice 90 days prior to the end of the District's current fiscal year. (D.I. 22, Ex. A ¶ 16.) Additionally, paragraph 6 of the Agreement sets forth the conditions upon which the District may terminate the Agreement. (D.I. 22, Ex. A ¶ 18.)

---

[1] The plaintiffs are the assignees of all right, title and interest in the Agreement through a series of assignments. (D.I. 22, Ex. A ¶ 24.)

Pursuant to the Agreement, the District placed a series of orders for various software products and services from SLC. (D.I. 55 at 1.) Each order was acknowledged by an Order Form signed by the District. (See D.I. 56 at B9, B19, B28.) Immediately above the signature line on each of the Order Forms, it states:

> Customer agrees to purchase and Scientific Learning agrees to sell and provide the licenses and services specified above. Customer agrees to pay the fee specified above on the specified terms. This Order Form is subject to the Terms and Conditions that accompany the software, a copy of which had been provided to and reviewed by Customer. This Order Form and these Terms and Conditions constitute the complete and entire agreement between SLC and the Customer with respect to the licenses and services specified above.[2]

(Id.) Additionally, paragraph 10e in the accompanying Terms and Conditions states:

> e. **Entire Agreement**. These Terms and Conditions, the Order Document, any signed written agreement between Licensor and Customer relating to this license and the documents to which they refer constitute the entire agreement between Licensor and Customer relating to the subject matter hereof. . . .

(Id. at B13, B23, B32.)

On August 17, 2006, the District provided notice of intent to terminate the Agreement to the plaintiffs. (D.I. 55 at 1.) As a consequence of the termination of the Agreement, the plaintiffs filed the instant lawsuit against the District. With leave of court, the District filed a third-party complaint against SLC, alleging unjust enrichment for training and consulting services paid for but not provided by SLC due to the termination of the Agreement. Pursuant to Fed. R. Civ. P. 12(b)(6), SLC filed the present motion requesting the dismissal of the District's third-party complaint. In opposing SLC's motion to dismiss, the District argues that, despite the fact that a valid contract existed between the parties, the contract does not define the parties' rights and obligations with

---

[2] The Order Form dated June 10, 2005 contains slightly different language, but with essentially the same meaning.

3

respect to paid-for, but unrendered, support services. (D.I. 55 at 3.)

## III. STANDARD OF REVIEW

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *Erickson v. Pardus*, --- U.S. ---, 127 S. Ct. 2197, 2200 (2007) (citations omitted); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). A complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, --- U.S. ---, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8. A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 127 S. Ct. at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

## IV. DISCUSSION

SLC has moved to dismiss the sole unjust enrichment claim of the District's third-party complaint. Unjust enrichment is "the unjust retention of a benefit to the loss of another, or the retention of money or property of another against the fundamental principles of justice or equity and good conscience." *Res. Ventures, Inc. v. Res. Mgmt. Intern., Inc.*, 42 F. Supp. 2d 423, 439 (D. Del. 1999) (quoting 66 Am. Jur. 2d, Restitution and Implied Contracts § 3, p. 945 (1973)). It is a

quasi-contract theory of recovery to remedy the absence of a formal contract. *In re Kirkwood Kin Corp. v. Dunkin' Donuts, Inc.*, No. 94C-03-189-WTQ, 1997 WL 529587, at *17 (Del. Super. Ct. Jan. 29, 1997). Thus, the existence of an express, enforceable contract that controls the parties' relationship will defeat an unjust enrichment claims. *Bakerman v. Sidney Frank Importing Co., Inc.*, No. Civ.A. 1844-N, 2006 WL 3927242, at *18 (Del. Ch. Oct. 10, 2006).

A claim of unjust enrichment may survive a motion to dismiss, however, when the validity of the contract is in doubt or uncertain. *Id.* Alternatively, Delaware law permits a claim for unjust enrichment where an express contract exists that does not govern exclusively the obligations or rights of the parties at issue. *In re Quintus Corp.*, 353 B.R. 77, 85 (Bankr. D. Del. 2006) (citing *Fitzgerald v. Cantor*, No. C.A. 16297, 1998 WL 326686, at *6 (Del. Ch. June 16, 1998)).

For instance, in *Bakerman*, the court dismissed the plaintiff's unjust enrichment claim, finding that the relationship between the two parties was expressly governed by a valid contract, as alleged in the plaintiff's complaint. *Bakerman*, 2006 WL 3927242, at *19. Similarly, in *Quintus*, the court dismissed the unjust enrichment claim, finding that a binding contract existed between the parties that adequately addressed each party's rights and duties. *Quintus*, 353 B.R. at 85. Conversely, the court in *Fitzgerald* dismissed unjust enrichment claims against certain defendants. The court based its ruling upon the fact that the claims were governed exclusively by contract. The court, however, denied the motion to dismiss of other defendants, finding that such claims were not governed by any contract between the parties. *Fitzgerald*, 1998 WL 326686, at *6-*7.

A contract is valid if it manifests a meeting of the minds. *See Manchester Equip. Co., Inc. v. Am. Way Moving & Storage Co., Inc.*, 176 F. Supp. 2d 239, 244 (D. Del. 2001). A contract is completely integrated if, on its face, it is clear that the parties intended the writing to be a final and

total expression of their agreement. *Concord Mall, LLC v. Best Buy Stores, L.P.*, No. Civ.A.02C-09-267 PLA, 2004 WL 1588248, at *4 (Del. Super. Ct. July 12, 2004). A contract is to be kept even if the obligor is without fault, and even if circumstances have made the contract more burdensome or less desirable than anticipated. *West Willow-Bay Ct., LLC v. Robino-Bay Ct. Plaza, LLC*, C.A. No. 2742-VCN, 2007 WL 3317551, at *11 (Del. Ch. Nov. 2, 2007). The obligor who does not wish to undertake so extensive an obligation may contract for a lesser one by, for instance, reserving a right to cancel the contract or inserting a force majeure clause into the contract. *Id.*

Here, the District concedes that a valid contract exists between itself and SLC. (D.I. 55 at 3.) The District contends, however, that the contract does not govern the particular issue with regard to paid-for, but not rendered, support services. (Id.) The Order Forms signed by the District and the Terms and Conditions that accompany the software explicitly state that they constitute the complete and entire agreements between SLC and the District with respect to the services specified in each of the Order Forms. The contracts therefore, are clear on their face that the parties intended the Order Forms and the Terms and Conditions to be the final and total expression of their agreements. If the District did not wish to undertake so extensive an obligation, the District could have contracted for a lesser one by reserving a right to cancel the contracts with SLC, or for a refund in the event of a termination of services by SLC, as it does in the Master Lease Agreement. *See West Willow-Bay Ct., LLC*, 2007 WL 3317551, at *11. By executing the Order Forms, the District expressly manifested its acceptance to the Order Forms and Terms and Conditions as the complete and entire agreement between the parties. Because an express and valid contract exists that governs exclusively SLC's and the District's rights and duties with regard to the licenses and services, the District's unjust enrichment claim must fail, even though circumstances have made the contract less

desirable for the District than anticipated.


Dated: July 14, 2008                                  /s/ Gregory M. Sleet
                                                      CHIEF, UNITED STATES DISTRICT JUDGE

IN THE UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HAROLD TOLLIVER, JAMES MCCRINK, MATT CLARK, LARRY KOLKO, RAMONA ROBERSON, JANICE FAYHEE, and JACQUELINE BEIRNES<br><br>    Plaintiffs,<br><br>v.<br><br>CHRISTINA SCHOOL DISTRICT,<br><br>    Defendant.<br>_____<br>CHRISTINA SCHOOL DISTRICT,<br><br>    Third-Party Plaintiff,<br><br>v.<br><br>SCIENTIFIC LEARNING CORPORATION,<br><br>    Third-Party Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   C.A. No. 06-796-GMS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **ORDER**

For the reason stated in the court's Memorandum of this same date, IT IS HEREBY

ORDERED that:

1.  Scientific Learning Corporation's Motion to Dismiss the Third-Party Complaint filed by

Christina School District (D.I. 49) is GRANTED.


Dated: July 14, 2008         /s/ Gregory M. Sleet
                             CHIEF, UNITED STATES DISTRICT JUDGE